## VAUGHN ET AL. V. ECKLER ET AL.

1. **Mortgage Foreclosure: PRIORITY OF LIENS: BURDEN OF PROOF.**
   Where, in an action to foreclose a mortgage, the plaintiff alleges that a
   defendant claims to have a lien upon the premises, but that the same is
   inferior to the mortgage, and the defendant answers, admitting the
   mortgage, and setting up his lien, and alleging that it is superior to the
   mortgage, the defendant has the burden of proof to establish the supe-
   riority of his lien.

2. **Evidence: SECONDARY NOT OBJECTED TO.** A material fact may be
   established by secondary evidence when no objection is raised.

*Appeal from Jones Circuit Court.*

TUESDAY, JUNE 22.

THIS is an action in equity for the foreclosure of a mort-
gage upon certain real estate. The defendant Eckler claimed
an attachment lien upon an undivided half of the land. The
question presented by the pleadings was whether the mort-
gage or the attachment was the prior lien. The circuit court
found that the attachment was superior to the mortgage.
Plaintiffs appeal.

*F. O. Ellison*, for appellants.

*Remley & Ercanbrack*, for appellees.

ROTHROCK, J.—The petition is in the ordinary form of a
petition for the foreclosure of a mortgage. It is averred

1. MORTGAGE: therein that William Eckler has, or claims to
foreclosure:
priority of      have, some claim or interest in said real estate;
liens : burden
of proof.        but that whatever it may be, it is junior and infe-
rior to plaintiffs' mortgage; and a decree is prayed declaring the
same to be junior and inferior to the lien of plaintiffs' mort-
gage. The mortgage was made by C. S. Gilbert and Daniel
Stuart, and the plaintiffs claim that the mortgaged real estate
was partnership property, and that the same was given to

secure a partnership debt of the firm of Gilbert & Stuart, which firm was composed of C. S. Gilbert and Daniel Stuart as equal partners. The answer of Eckler admits the execution of plaintiffs' mortgage, but denies that the same is prior or superior to his lien, and denies all the other allegations of the petition. It is further averred in the answer that the said mortgaged real estate was owned by Gilbert and Stuart, each owning an undivided half of the same, and that before the execution of the mortgage the said Eckler caused an attachment to be issued and levied upon said premises in an action against the said C. S. Gilbert, and that afterwards a judgment was rendered against said Gilbert in said attachment suit; that said attachment and judgment are a lien on the undivided one-half of said real estate owned by said Gilbert; and that said lien is prior and superior to the lien of plaintiffs' mortgage. And it is prayed in the answer that said attachment and judgment lien be decreed to be prior to the lien of the plaintiffs' mortgage upon all the interest of said Gilbert in said real estate.

Counsel for appellants claim that the decree should be reversed because the defendant Eckler made no proof of his alleged lien. The record does not show that such proof was made. Counsel for defendant insist that the answer was in the nature of a counter-claim, and that, as it was not denied by a reply, no proof was necessary, but that it was admitted by the pleadings. We do not think that any reply was necessary, because, in our opinion, no counter-claim was pleaded. It was surely unnecessary for the plaintiff, by way of reply, to repeat what he had alleged in his petition; and this was about the only reply that could have been made. And the record shows that the defendant Eckler assumed the burden of proof in the circuit court, and did not raise the question that a reply was necessary. The answer of the defendant admitted the plaintiffs' mortgage lien, but averred that defendants' lien was prior and superior. It was incumbent on him to show that he had a lien. He did not even do this,—much

less show that it was superior to the lien of the plaintiffs' mortgage.

It is further claimed by the defendant that there was no proper proof of the alleged debt due from Gilbert & Stuart to the plaintiff. It is true, the note and mortgage were not introduced in evidence. But the mortgage was admitted in the answer, and there was secondary evidence introduced by the plaintiff which showed every fact necessary to be established to entitle him to a judgment and decree, and the secondary evidence was not objected to by defendant. The mortgage was not executed until some time after the debt accrued and the note was given. The answer averred that the mortgage was given without consideration. But the evidence very clearly shows that the mortgage was given to secure the debt, in pursuance of an agreement between the parties made at the time the debt was contracted.

*2. EVIDENCE : secondary not objected to.*

We think that the decree of the circuit court must be

REVERSED.